UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TIMOTHY HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:21-CV-74-HAB |
| | ) |
| REGAL-BELOIT AMERICA, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff claims that he was removed from his Vice President position with Defendant because of illegal age discrimination. Now, with trial looming, Plaintiff has moved in limine. (ECF No. 74). He wants to prevent Defendant from arguing that his damages were cut off by Defendant's offer of a lesser paying position. The Court agrees with Plaintiff's position and will preliminarily grant the motion.

**I.      Factual Background**

In March 2020, Plaintiff was informed that Defendant was eliminating his position as Vice President of Sales, Commercial & Industrial. His only option for remaining with the company was a Key Account Manager ("KAM") role. The KAM position was a lower-level position and came with a 60% pay cut.

Plaintiff accepted the KAM position, but quickly realized it wasn't for him. He described it as a "meaningless job" with "no scope for success." So, after four weeks in the KAM position, Plaintiff retired from Defendant and accepted a different job from a competitor.

II.     **Legal Discussion**

A.      *Motion in Limine Standard*

A motion in limine is a request for the court's guidance on an evidentiary question. *Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999). The Court may give such guidance by issuing a preliminary ruling regarding admissibility. *Id*. at 571. Trial judges can rule on motions in limine under their authority to manage trials, even though such rulings are not explicitly authorized by the Federal Rules of Evidence. *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984).

Judges have broad discretion when ruling on motions in limine. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). But evidence may be excluded on a motion in limine only when the evidence is inadmissible on all potential grounds. *Townsend v. Benya*, 287 F. Supp. 2d 868, 872 (N.D. Ill. 2003). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).

A ruling on a motion in limine is not necessarily final. *Townsend*, 287 F. Supp. 2d at 872. "The ruling is subject to change when the case unfolds," particularly if the actual testimony differs from what was proffered. *Luce*, 469 U.S. at 41. "Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Id*. at 41–42.

B.      *Plaintiff's Motion is not Disputed and is Granted*

Plaintiff asks the Court to "preclude evidence or attorney argument that Plaintiff's damages were cut off by Defendant's offer of a lesser position." (ECF No. 74 at 1). Defendant responds that it "does not argue that [Plaintiff's] damages are cut off after [Defendant] offered him the KAM

2

position." (ECF No. 83 at 1). Easy enough—Plaintiff's motion in limine is preliminarily GRANTED.

C.     *Plaintiff's Resignation from the KAM Position did not Cut Off Back Pay*

What Defendant *does* argue is that the Court should cut off Plaintiff's claims for back pay as of his retirement from the KAM position. (ECF No. 76 at 2). Defendant argues that, because Plaintiff voluntarily retired from Defendant, "Plaintiff has no right to back pay beyond that date." (ECF No. 77 at 16). Because Defendant's motion is closely related to Plaintiff's already-granted motion in limine, and to help the parties evaluate a potential pre-trial resolution of this case, the Court will address Defendant's motion now.

Defendant relies on *Hertzberg v. SRAM Corp.*, 261 F.3d 651 (7th Cir. 2001). There, the Seventh Circuit said: "A victim of discrimination that leaves his or her employment as a result of the discrimination must show either an actual or constructive discharge in order to receive the equitable remedy of reinstatement, or back and front pay in lieu of reinstatement." *Id*. at 659. This is the sole legal authority on which Defendant's argument is based.

The Court doesn't read *Hertzberg* as Defendant does. The Court views *Hertzberg* as little more than a recognition that a discrimination plaintiff must demonstrate that they suffered an adverse employment action. *Dass v. Chicago Bd. of Educ.*, 675 F.3d 1060, 1068 (7th Cir. 2012). After all, if an employee is not terminated, and voluntarily leaves a position under circumstances that do not constitute constructive discharge, then there are limited circumstances under which a claim for discrimination can be brought. *Hertzberg* recognizes that fact, albeit using front pay and back pay as a mechanism. What it does not do is cut off Plaintiff's back pay and front pay remedies.

First, Plaintiff's situation is very different from the discussion in *Hertzberg*. Plaintiff hasn't alleged that he left the KAM position because of the age discrimination that prompts the suit.

3

Rather, he alleges that he was discharged from his Vice President position because of that discrimination. *Hertzberg*, then, does not apply.

Of course, Plaintiff, like every ADEA claimant, has a duty to mitigate damages. *Smith v. Great Am. Restaurants, Inc.*, 969 F.2d 430, 438 (7th Cir. 1992). But it's not even clear that the KAM position is relevant to the mitigation issue. A plaintiff's refusal of a job "substantially equivalent to the one he was denied" constitutes a failure to mitigate. *Ford Motor Co. v. E.E.O.C.*, 458 U.S. 219, 232 (1982). Therefore, the Supreme Court held, an employment discrimination plaintiff must accept "an unconditional offer of the job originally sought" or forfeit his right to back pay in the period following the defendant's offer. *Id*. at 231–32. That said,

> [u]nder the mitigation doctrine, the employee need not go into another line of work, accept a demotion, or take a demeaning position. An employee need not seek employment which is not consonant with his particular skills, background, and experience or which involves conditions that are substantially more onerous than his previous position.

*Graefenhain v. Pabst Brewing Co.*, 870 F.2d 1198, 1202 (7th Cir. 1989) (citations and quotations omitted).

If the jury accepts Plaintiff's position that he was the victim of age discrimination, then he likely didn't even have to accept the KAM position to maintain a claim for back pay. It was a job at a lower pay grade and at a substantially lower salary. Certainly, quitting that same job would have no greater impact on his right to damages.

Part K of Defendant's motion in limine (ECF No. 76) is DENIED.

### III. Conclusion

For these reasons, Plaintiff's Motion in Limine (ECF No. 74) is GRANTED. Part K of Defendant's Motion in Limine (ECF No. 76) is DENIED. All other pending pretrial motions remain under advisement.

SO ORDERED on June 24, 2024.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT
